JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

ILLUMIDINE, INC.,

      Plaintiff,

    v.

HESTAN SMART COOKING, INC.
and MEYER CORPORATION, U.S.,
      Defendants.

Case No. 8:25-cv-00328-CAS-DFMx

*Hon. Christina A. Snyder*

**ORDER GRANTING STIPULATED ENTRY OF FINAL JUDGMENT**

[*Concurrently filed with Stipulation*]

Complaint Filed: February 19, 2025
Trial Date:      December 1, 2026

Plaintiff Illumidine, Inc. ("Illumidine") and Defendants Hestan Smart Cooking, Inc. and Meyer Corporation, U.S. (together, "Defendants") (collectively, the "Parties") have stipulated to the entry of final judgment in this matter, and in support aver the following:

1.    WHEREAS, Illumidine initiated this case on February 19, 2025 by its filing of its Complaint (Dkt. No. 1; the "Complaint") asserting that Defendants had infringed and were continuing to infringe one or more claims of the its patents, namely U.S. Patent No. 10,881,249 and U.S. Patent No. 11,375,853 (the "Asserted Patents").

2.    WHEREAS, Defendants filed their Answer in which they denied the claims in the Complaint (Dkt. No. 16; the "Answer").

///

3. WHEREAS, Defendants did not include any counterclaims in the Answer.

4. WHEREAS, the Parties engaged in claim construction by filing their respective briefs urging their respective claim construction positions (*see* Dkt. Nos. 38-41).

5. WHEREAS, this Court held a claim construction hearing on December 8, 2025 (Dkt. No. 44).

6. WHEREAS, this Court issued its claim construction Order on December 17, 2025 in which it held that several of the terms of the Asserted Patents were invalid for indefiniteness (Dkt. No. 49) ("Claim Construction Order").

7. WHEREAS, this Court's Claim Construction Order construed the term "heating component for heating" as indefinite.

8. WHEREAS, each of the independent claims asserted in this case include the term "heating component for heating".

9. WHEREAS, on January 16, 2026, Illumidine filed a Notice of Appeal (D.I. 62) relating to the Court's Claim Construction Order that was transmitted to the U.S. Court of Appeals for the Federal Circuit on January 20, 2026.

10. WHEREAS, in light of the events described above and because the Parties have stipulated to enter Final Judgment in this matter, the Court **ORDERS** as follows:

A. Illumidine's claims are dismissed with prejudice;

B. The deadline for filing any petition, bill and/or motion under Fed. R. Civ. P. 54(d) shall be extended through and until 14 days after a final non-appealable decision on any appeal of this Final Judgment; and

///

///

///

///

///

///

C. Because no claims are remaining in this action, the Court expressly directs the Clerk to enter this Final Judgment as set forth above pursuant to Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED and SIGNED this 20th day of February, 2026**

*Christine A. Snyder*

**HON. CHRISTINA A. SNYDER**
**UNITED STATES DISTRICT JUDGE**

## CERTIFICATE OF SERVICE

The undersigned certifies that, on February 19, 2026, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Central District of California, using the Court's ECF filing system. I further certify that all counsel for all parties to this action are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct.

Dated:  February 19, 2026                    **BLANK ROME LLP**


                                             */s/ Mark D. Passler*
                                             Mark D. Passler